UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SUSAN H. BALL | ) |
| Plaintiff, | ) |
| | ) Case No. 09 C 3668 |
| v. | ) Magistrate Judge |
| | ) Arlander Keys |
| STANDARD INSURANCE COMPANY and | ) |
| GROUP LONG TERM DISABILITY | ) |
| INSURANCE POLICY | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Currently before the Court is Plaintiff's Motion for Leave to Conduct Limited Discovery. For the following reasons, the motion is denied.

**Background**

The Court presumes familiarity with the facts of this case and, therefore, chooses not to outline them again here. *See Ball v. Standard. Ins. Co.*, No. 09 C 3668, 2010 WL 2024082, at *1-7 (N.D. Ill. May 17, 2010). Rather, the procedural posture of the case relevant to the motion currently pending will be recounted.

On February 23, 2011, the Court held that ILL. ADMIN. CODE tit. 50, § 2001.3 (2005) governs the insurance policy at issue. *Ball v. Standard Ins. Co.*, No. 09 C 3668, 2011 WL 759952 (N.D. Ill. Feb. 23, 2011). Consequently, and because the regulation prohibits discretionary clauses, the plan administrator's

decision to deny Ms. Ball benefits is properly reviewed under a *de novo*, as opposed to arbitrary and capricious, standard. The current motion was filed a little more than a month later.

**Discussion**

Where the *de novo* standard applies, the Court has discretion to allow discovery or rely solely on the administrative record. *Patton v. MFS/Sun Life Fin. Distribs., Inc.*, 480 F.3d 478, 490 (7th Cir. 2007). In deciding whether to allow discovery, "[t]he most important factor . . . [is] whether the evidence is 'necessary' to an 'informed and independent judgment' on the parties' claims and defenses, which will obviously depend on the nature of the claims and whether the administrative record was 'relatively undeveloped' with respect to those claims." *Id.* at 491. Other factors are relevant, though no single one is necessarily dispositive. *Id.* In weighing the factors, "[a] court should not automatically admit new evidence whenever it would help reach an accurate decision," as "[a]ny relevant, probative evidence increases the likelihood of an accurate decision." *Id.* at 492. Discovery, instead, should be allowed "only where the benefits of increased accuracy exceed the costs." *Id.*

Plaintiff argues that discovery beyond the administrative record is appropriate in the case at bar. Specifically, she seeks to depose three individuals - Dr. Leonid Topper, a

physician consulted by Defendant Standard Insurance Company (Standard) who found Plaintiff not disabled; Dr. Dorothy Nicholson, another consulting physician who offered the same conclusion; and Ms. Dawn Bonner, one of Standard's benefits review specialists who was involved in the final denial of Ms. Ball's claim.

## A. The Consulting Physicians

Ms. Ball argues that the depositions of Dr. Topper and Dr. Nicholson are necessary for the Court to "fully evaluate the opinions rendered by [them], both as to the validity of the opinions expressed, as well as whether the opinion may have been influenced by economic factors." The Court disagrees.

"[T]he *de novo* standard requires the Court to review the case with a fresh eye. In fact, the Court is not technically 'reviewing' any decision, but rather making its own independent determination about the merits of the dispute and the employees entitlement to benefits." *Young v. Verizon's Bell Atl. Cash Balance Plan*, 667 F. Supp. 2d 850, 889 (N.D. Ill. 2009)(quoting *Diaz v. Prudential Ins. Co. of Am.*, 499 F.3d 640, 643 (7th Cir. 2007)). In other words,

> [W]hen *de novo* consideration is appropriate in an ERISA case . . . the court can and must come to an independent decision on both the legal and factual issues that form the basis of the claim. What happened before the Plan administrator or ERISA fiduciary is irrelevant. [citation omitted]. That means that the question before the district court . . . was the ultimate question whether [Plaintiff] was entitled to the benefits [she] sought

3

under the plan.

*Id.*

As an initial matter, the Court notes that both physicians provided detailed grounds (including many citations to Ms. Ball's medical records) in support of their ultimate conclusions that Ms. Ball is not disabled. This observation notwithstanding, there is noting before the Court that would indicate that the depositions sought by Plaintiff are essential to an informed and independent judgment by the Court. To be sure, to make an independent decision as to whether Ms. Ball is disabled – a task required of the Court – it must weigh all of the medical evidence and not rely on the opinions of the consulting physicians. There is nothing that would indicate that Ms. Ball's medical records are incomplete or otherwise deficient, a situation that, if existed, would possibly alter the Court's finding. Rather, Plaintiff seeks to test the validity of the opinions and determine whether economic factors played a role in them. Specifically, she desires "information on how each physician prepared the reports, whether any drafts of the reports existed and what communications may have occurred regarding any drafts, and any existing bias or financial incentive for the physicians in making certain determinations support denial or termination of claims(s)." But because the Court will make its own determination based on the facts, these inquiries are irrelevant

and certainly do not warrant requiring either doctor to take time away from patients (even if only two hours each) to be deposed. The motion, then, as it relates to the consulting physicians, is denied.

## B. The Benefits Review Specialist

Ms. Ball maintains that deposing Ms. Bonner is "necessary to gather additional information as to the basis of the final benefit determination reached by Standard Insurance Company as well as provide any available context as to the evidence that is contained within what constitutes Standard Insurance Company's claim file." The Court is not convinced.

Ms. Bonner included in her eleven page letter, the reasons why Plaintiff's claim was denied. And as discussed *supra*, the Court will make a decision on Ms. Ball's disability, independent of that made by Standard. Questions about the quality of the decisionmaking that enter into the analysis in cases where the arbitrary and capricious standard governs, falls out of the case when the *de novo* standard applies. *Patton*, 480 F.3d at 485-86. Consequently, information regarding "how the medical 'experts', Drs. Topper and Nicholson were selected and retained," is not pertinent to the Court's resolution of the matter. The motion, therefore, is also denied as it relates to Ms. Bonner.

## CONCLUSION

For the reasons set forth above, Plaintiff's Plaintiff's Motion for Leave to Conduct Limited Discovery is denied.

Date: July 8, 2011　　　　　　E N T E R E D:

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　MAGISTRATE JUDGE ARLANDER KEYS
　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT